UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JOSE SARAGOZA,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOHN DOE, *et al.*,<br><br>                    Defendants. | Case No. 1:23-cv-00496-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AS DUPLICATIVE OF PREVIOUSLY FILED CASE<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

Plaintiff Benito Jose Saragoza is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff filed this action ("*Saragoza II*") on April 3, 2023. (Doc. 1.) The Court finds this case is duplicative of a pending case Plaintiff filed[1] on March 6, 2023, *Saragoza v. John Doe No. 1*, Case No. 1:23-cv-00355-BAM ("*Saragoza I*"). Therefore, the Court recommends the dismissal of this case.

**I.     LEGAL STANDARD**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*,

---

[1] Plaintiff originally filed his complaint in the United States District Court for the Central District of California. On March 8, 2023, the Central District issued an Order Transferring Action to Eastern District of California. (Case No. 1:23-cv-00355-BAM, Doc. 5.)

563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To determine whether a case is duplicative of a previously filed case, courts apply the test for claim preclusion and examine whether the parties, the causes of action, and the relief sought are the same. *Adams*, 487 F.3d at 689. Whether a case is duplicative turns on the "legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 688–89 (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams*, 487 F.3d at 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688 (citing *Walton*, 563 F.2d at 70–71).

**II.    DISCUSSION**

In both *Saragoza I and Saragoza II*, Plaintiff names as defendants four John Does and one Jane Doe, correctional officers ("COs") at Corcoran State Prison. Plaintiff describes these defendants as "unprofessional, disrespectfully, willing to wrong, hatred."

The single claim raised concerns an incident that occurred on May 21, 2014, when he was moved to a new cell. When the COs took him to the new cell, the female CO slammed the cell door and called him a "politick bitch." They were speaking Spanish, so Plaintiff assumed they were Mexican. The cellmate said he is in a single cell and wanted this "J-cat"[2] out of his cell, and he slapped Plaintiff in the back of the head. The next day, his cellmate reached for his penis; when Plaintiff moved away, the cellmate beat him.

The supporting facts in both cases reference his grievances, Log Nos. 337100 and 338821, and restates many of the same allegations. Some verbiage differs. For example, in

---

[2] A J-cat is prison slang for "Category J" inmates with mental issues. Wikipedia, https://en.wikipedia.org/wiki/Prison_slang (last visited April 7, 2023).

2

*Saragoza I*, Plaintiff refers to the assault and PREA (Prison Rape Elimination Act); in *Saragoza II*, Plaintiff does not mention the PREA but instead characterizes the incidents as sexual assault and rape. In *Saragoza II*, Plaintiff adds that his sexual assault allegation was not handled in accordance with procedures, and his allegation was recorded as a fight.

The requests for relief in the cases are substantively the same, with only slight variation in language. In each case, Plaintiff seeks $70,000 for physical and mental pain.  Plaintiff alleges that he continues to suffer pain in his back, neck, and pain; something is sticking from his neck; his spine is not straight; he suffers from mental stress and emotional distress; he has dreams about being raped; and he has been feeling "lost."

Plaintiff attached different exhibits to his pleadings. In *Saragoza I*, Plaintiff attached documents from the administrative process. In *Saragoza II*, Plaintiff submits a single-page letter to clarify that he has only filed *Saragoza I* and *Saragoza II*. Plaintiff states that he received legal mail on March 18, 2023, referencing Case No. "CV23-01707 CAS (MRW)," purportedly concerning COVID-19. However, the Court's electronic case management and filing system ("CM-ECF") does not reflect a case with that case number in this district. A search of Plaintiff's name in the CM-ECF system reveals that Plaintiff has only filed this case and *Saragoza I* in this district. The inclusion of the exhibit to *Saragoza II*, as well as the exclusion of his grievances and CDCR decisions, do not affect the substance of his claims, which involve the same parties, allegations, and relief sought in *Saragoza I*.

The Court finds that the present case, *Saragoza II*, Case No. 1:23-cv-00496-CDB, filed on April 3, 2023, is duplicative of *Saragoza I*, Case No. 1:23-cv-00355-BAM, filed on March 9, 2023. Because *Saragoza I* remains open and the relief sought is identical, Plaintiff would not be prejudiced by the dismissal of this case.

**IV.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that this case be dismissed and the Clerk of Court be directed to administratively close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen**

3

**(14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **April 7, 2023**

UNITED STATES MAGISTRATE JUDGE